**IN THE COURT OF APPEALS OF IOWA**

No. 15-2177
Filed January 11, 2017

**IN THE INTEREST OF D.B.,**
**Minor Child,**

**W.H., Mother,**
        Petitioner-Appellee,

**N.B., Father,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael G.

Dieterich, District Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**



William R. Monroe of the Law Office of William Monroe, Burlington, for

appellant father.

Michael D. Clark of Clark & Schroeder, P.L.L.C., North Liberty, for

appellee mother.

Reyna L. Wilkens of Wilkens Law Office, Fort Madison, for minor child.


Considered by Vogel, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

A father appeals from the termination of his parental rights under Iowa Code section 600A.8(3) (2015).[1]

Under chapter 600A, the court is allowed to terminate parental rights in the best interest of a child when a parent fails to assume the duties arising from parenthood. Iowa Code § 600A.1. In a private termination-of-parental-rights proceeding, the petitioner must establish by clear and convincing evidence that a statutory ground for termination exists, s*ee id.* § 600A.8, and that termination of parental rights is in the child's best interests. *See id.* § 600A.1.

The mother and father of D.B., born in 2007, have never been married. The father has paid no child support since September 2013 and is more than $8200 in arrears in his obligation. In 2015, the mother filed a petition to terminate the father's parental rights, alleging he had abandoned the child as that term is used in chapter 600A.8(3)(b).

As relevant here, section 600A.8(3)(b) deems a parent to have abandoned a child "unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means" *and* as demonstrated by either of the following:

---

[1] Section 600A.8(3) allows the juvenile court to grant a petitioner's request to terminate a parent's rights if "[t]he parent has abandoned the child."
Section 600A.19 states,
"To abandon a minor child" means that a parent . . . rejects the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, makes no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

(1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.

(2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

Despite the father's child-support obligation being reduced to forty dollars per month,[2] the father has paid no support at all since September 19, 2013. The record fully supports the juvenile court's findings that the father does not have a stable home; is not employed, though capable of some employment; has not provided for the needs of the child; and has not demonstrated any interest or ability to parent the child. While the father testified he had a seizure disorder that kept him from full-time employment, he acknowledged his job loss in 2013 was the result of his boss being "tired" of working around the father's child visitation (which is one day per week for four hours)—not the result of his seizure disorder. He also testified he was physically capable of performing the job in 2013 and had worked at odd jobs since.

In addition to failing to provide economically for the child, the father has not regularly visited the child. The custody decree allowed the father four hours of visitation per week. The father testified that the year prior to the trial he had left the state for at least four months and not seen the child at all and, at the time of the November 2015 hearing, he had not seen the child since June 2015 because he was in jail. The father testified that prior to being placed in jail he would see his child about "every other weekend at my mother's house" for "two,

_____

[2] In March 2009, the father was ordered to pay $226 per month in child support. In November 2012, his obligation was reduced to $40 per month.

two-and-a-half hours." He stated, "I always attempted to show up." We agree with the juvenile court that "[p]laying with the child a few hours a month is not exhibiting an affirmative parental role coupled with the 'rights, duties, or privileges inherent in the parent-child relationship.'"

The mother has also proved that termination is in the child's best interest. Section 600A.1 states:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

The father clearly has failed to contribute to the support of the child and has participated only minimally in the child's life. He has not "affirmatively assumed the duties of a parent" or demonstrated a "genuine effort" to maintain communication or establish and maintain "a place of importance in the child's life." Iowa Code § 600A.1. Moreover, the father testified he had recently been convicted of three counts of felony sexual abuse and faced imprisonment of at least seven years.

Upon our de novo review of the record, *see In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010), we conclude there is clear and convincing evidence that the father has abandoned his child as that term is used in chapter 600A. We therefore affirm.

**AFFIRMED.**